USAO Rev. 11/23

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. Action No. 1:23-CR-102-JLH |
| ) | |
| DARIUS MATYLEWICH ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, and Kevin P. Pierce and Michelle Thurstlic-O'Neill, Assistant United States Attorneys, and the defendant, Darius Matylewich, by and through his attorneys, Conor Wilson and Ryan Grace, Esquires, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, charging him with Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b).

2. The defendant understands that the maximum penalties for Count One of the Indictment are: Life imprisonment with a mandatory minimum of ten years of incarceration; a $250,000 fine; a lifetime of supervised release, with a mandatory minimum term of five years; restitution; a $100 special assessment; and an additional $5,000 special assessment pursuant to Title 18, United States Code, Section 3014(a)(4).

FILED

MAY 31 2024

U.S. DISTRICT COURT DISTRICT OF DELAWARE

3. The defendant understands that if there were a trial with regard to Count One of the Indictment, the government would have to prove the following elements beyond a reasonable doubt: (1) the defendant knowingly used a facility or means of interstate commerce to persuade, induce, entice or coerce an individual under the age of eighteen (18) to engage in sexual activity; (2) the defendant believed that such individual was less than eighteen (18) years of age; and (3) the defendant could have been charged with a criminal offense for engaging in the specified sexual activity. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Count One of the Indictment.

4. The defendant is pleading guilty to Count One of the Indictment because he is, in fact, guilty.

5. At or around the time of sentencing, the government will move to dismiss Count Two of the Indictment. The defendant waives the statute of limitations as to any counts to be dismissed under this agreement and agrees that if the defendant withdraws from, or successfully challenges, the guilty plea entered under this agreement, or if any counts are otherwise reinstated under the terms of this agreement, neither the statute of limitations nor the Double Jeopardy Clause will bar prosecution on any such count or counts.

6. Pursuant to Section 6B1.4 of the November 1, 2023, edition of the United States Sentencing Guidelines Manual ("U.S.S.G."), the parties enter into the following stipulations:

2

a. Pursuant to U.S.S.G. § 2G1.3(a)(3), the base offense level is **28**.

b. Pursuant to U.S.S.G. § 2G1.3(b)(2), the base offense level is increased by **2 levels** as the defendant unduly influenced a minor to engage in prohibited sexual conduct.

c. Pursuant to U.S.S.G. § 2G1.3(b)(3), the base offense level is increased by **2 levels** as the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of the minor to engage in prohibited sexual conduct.

d. Pursuant to U.S.S.G. § 2G1.3(b)(5), the base offense level is increased by **8 levels** as the offense involved a minor who had not attained the age of 12 years.

e. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with the acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense-Level pursuant to U.S.S.G. § 3E1.1(a). Further, should it be determined that the defendant's Offense Level is 16 or greater prior to the application of the aforementioned two-level reduction, the United States agrees that the defendant's Offense Level should be reduced by one

3

additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

It is understood and agreed that: (1) the parties are free to argue (except as stated above) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, cross-references, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed.

7.  The United States retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the District Court at any subsequent proceeding.

8.  The defendant understands that the District Court must consider the United States Sentencing Guidelines, the applicable statutory minimum and maximum penalties, and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence that exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the

4

Sentencing Guidelines, is otherwise different than the defendant expected, or is contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

9. The defendant agrees to forfeit pursuant to 18 U.S.C. § 2428 (transport for illegal sexual activity any and all interests in any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, or that was used or intended to be used to commit or promote the commission of the offense. The defendant agrees to waive any and all interests in any such Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such Property and waives the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the judgment, as well as any applicable deadlines required by 18 U.S.C. § 983(a). The defendant acknowledges that he understands that forfeiture of the Property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case, and the defendant waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of

forfeiture becoming final as to the defendant before sentencing if requested by the government to do so.

10. In exchange for the promises made by the government in entering this plea agreement, the defendant knows that he has, and voluntarily and expressly waives, the right to appeal or collaterally attack his conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.  Notwithstanding the foregoing, the defendant reserves the right to (1) file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel, and (2) appeal his sentence if:  (a) the government appeals from the sentence; (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code; or (c) the District Court imposes an "upward variance" above the final Sentencing Guideline range that it determines at sentencing.

11. The defendant agrees to pay the $5,100 special assessment the day of sentencing.  Should he fail to do so, or should he have other outstanding financial responsibilities as a result of his plea of guilty to Count One of the Indictment, the defendant agrees to voluntarily enter the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

12. This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

13. The defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release, pursuant to Title 18, United States Code, Section 3583(d). The defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current and shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in Delaware following release from prison, the defendant will be subject to the registration requirements of the State of Delaware. The defendant further understands that, under Title 18, United States Code, Section

4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

14. As a condition of supervised release, the defendant shall initially register with the state sex offender registration agency in Delaware and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

15. The defendant acknowledges that the possession and dissemination of child pornography causes further harm to the children depicted in those images. *See Paroline v. United States*, 134 S.Ct. 1710 (2014) and *New York v. Ferber*, 458 U.S. 747 (1982). Thus, the defendant acknowledges that the minors depicted in the images he possessed were harmed as a result of his own criminal conduct. The defendant understands that: (1) pursuant to Title 18, United States Code, Section 2259, the Court is required to order restitution for the full amount of all identified victims' compensable losses as may be proved by the United States by a preponderance of the evidence or stipulated to by the parties; (2) the Court may not decline to award restitution because of the defendant's economic circumstances or the fact that the victims have, or are entitled to receive, compensation for their injuries from the

proceeds of insurance or any other source; and (3) an unanticipated amount of a restitution order will not serve as grounds to withdraw defendant's guilty plea. The defendant agrees to comply with any and all restitution ordered by the Court at the time of sentencing.

////

9

16. It is further agreed by the undersigned parties that this Memorandum – together with sealed Attachment A – supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification provisions of this paragraph.

_____
Conor Wilson, Esquire
Ryan Grace, Esquire
Attorneys for Defendant

DAVID C. WEISS
UNITED STATES ATTORNEY

By: _____
Kevin P. Pierce
Michelle Thurstlic-O'Neill
Assistant United States Attorneys

_____
Darius Matylewich, Defendant

Dated: 5/31/24

AND NOW, this 31 day of May, 2024 the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
THE HONORABLE JENNIFER L. HALL
UNITED STATES DISTRICT JUDGE

10

USAO Rev. 04/24

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No. 23-102-JLH |
| DARIUS MATYLEWICH, | ) |
| | ) |
| Defendant. | ) |

## ATTACHMENT A

There are no additional terms.